960 F.2d 156
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Walter J. LINOSKI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3596.
 United States Court of Appeals, Federal Circuit.
 M
arch 20, 1992.
Suggestion for Rehearing In Banc Declined
April 16, 1992.
Rehearing Denied May 6, 1992.
 
 MSPB
 AFFIRMED.
 Before, ARCHER, Circuit Judge, EDWARD S. SMITH, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 RADER, Circuit Judge.
 
 
 1
 Walter Linoski petitioned to reclassify his employment as credited service for a special retirement annuity for law enforcement officers. See 5 U.S.C. § 8336(c) (1988). The Merit Systems Protection Board, Docket No. DA08319110152, affirmed the Office of Personnel Management's decision denying Mr. Linoski's petition. Because the Board gave adequate consideration to the evidence and properly applied the law, this court affirms.
 
 ANALYSIS
 
 2
 In January 1987, Mr. Linoski joined the United States Customs Service as an intelligence research specialist. Before joining Customs, Mr. Linoski was a criminal investigator with the Internal Revenue Service. In August 1987, Customs promoted Mr. Linoski to supervisory intelligence research specialist. In February 1989, to qualify for a special annuity program for law enforcement officers, Mr. Linoski petitioned to have his service with Customs credited as law enforcement service. Mr. Linoski presented evidence that his investigative work led to the apprehension and arrest of various criminal suspects.
 
 
 3
 The Board, however, found that Mr. Linoski's principal duties at Customs involved analysis of data and aid for Customs agents, not frontline law enforcement work. The Board found that Mr. Linoski's duties did not make him a "law enforcement officer" as defined in 5 U.S.C. § 8331(20) (1988).
 
 
 4
 In reviewing a decision by the MSPB, this court must affirm the decision unless it is:
 
 
 5
 (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 6
 (2) obtained without procedures required by law, rule, or regulation having been followed; or
 
 
 7
 (3) unsupported by substantial evidence.
 
 
 8
 5 U.S.C. § 7703(c) (1988). See also Hayes v. Department of Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 9
 To be eligible for the special retirement annuity as a primary law enforcement officer, an employee must occupy:
 
 
 10
 [A] position whose primary duties are ... investigating, apprehending, or detaining individuals suspected or convicted of offenses against the criminal laws of the United States.
 
 
 11
 5 C.F.R. § 831.902 (1991). The Board concluded that Mr. Linoski's duties clearly did not meet these requirements. Mr. Linoski gathered, organized, and interpreted data used by frontline law enforcement officers. Mr. Linoski did not personally engage in those frontline activities. The record supports the Board's findings.
 
 
 12
 Further, the record shows that Mr. Linoski does not qualify as a secondary law enforcement officer. A secondary law enforcement officer as defined by OPM occupies:
 
 
 13
 [A] position that (a) is clearly in the law enforcement or firefighting field; (b) is in an organization having a law enforcement or firefighting mission; and (c) is either--
 
 
 14
 (1) Supervisory; i.e., a position whose primary duties are as a first-level supervisor of law enforcement officers or firefighters in primary positions; or
 
 
 15
 (2) Administrative; i.e., an executive, managerial, technical, semiprofessional, or professional position for which experience in a primary law enforcement or fire-fighting position, or equivalent experience outside the Federal government, is a mandatory prerequisite.
 
 
 16
 5 C.F.R. § 831.902 (1991). Mr. Linoski supervises data-gathering employees, not officers conducting primary law enforcement activities. Furthermore, Mr. Linoski's employment does not satisfy the requirements of an administrative secondary law enforcement officer. Law enforcement experience is not a mandatory prerequisite of his position. The record amply supports the Board's finding.